IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,605-02






EX PARTE REGINALD L. GREEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 0959649D IN THE 371
ST JUDICIAL DISTRICT COURT


FROM TARRANT COUNTY






 Per curiam.


ORDER



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of possession of a
controlled substance, and was sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his conviction is invalid because new evidence has come to light showing
that the police officer who sponsored the evidence in this case was untruthful in his supporting affidavit in
an unrelated case. The State has provided an affidavit from a prosecutor with the Tarrant County's District
Attorney's Office, stating that had the District Attorney's Office been aware of this information prior to the
disposition of Applicant's case, the prosecution would not have been pursued. The trial court has
recommended that relief be granted. However, it is unclear from the record how the police officer's actions
in an unrelated case affected the investigation and prosecution of this case. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court shall order the Tarrant
County's District Attorney's Office to file an affidavit explaining how the police officer's actions in an
unrelated case affected the investigation and prosecution of this case. The affidavit shall identify the police
officer and shall detail all the actions which the police officer took in this case. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may
rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to what actions the police officer took in Applicant's
case. The trial court shall make findings of fact as to the degree, if any, to which the police officer's actions
affected the investigation and prosecution of this case. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: November 14, 2007

Do not publish